IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BESTWAY INFLATABLES & MATERIAL CORP., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A HERETO, <br><br> Defendants. | Case No. 24-cv-11696 <br><br> Judge Robert W. Gettleman |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE MARCH 13, 2025, RULING [DKT. NO. 39] PURSUANT TO FED. R. CIV. P. 59(e)**

Plaintiff, BESTWAY INFLATABLES & MATERIAL CORP., LTD. ("Plaintiff"), submits this Motion to Reconsider pursuant to F.R.C.P. 59(e). Plaintiff seeks reconsideration of the Court's March 13, 2025 ruling entering and continuing Plaintiff's Motion for Entry of Default and Default Judgment. [Dkt. No. 39].

### I. PROCEDURAL HISTORY

Plaintiff filed this action on November 14, 2024, alleging, among other claims, federal trademark infringement and seeks statutory damages and injunctive relief. [Dkt. No. 1]. Also on November 14, 2024, Plaintiff filed Motions for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4(f)(3) and for Expedited Discovery [Dkt. Nos. 12, 13] which were granted on November 21, 2024. [Dkt. No. 27, 28].

Paragraph 4 of the expedited discovery order permitted Plaintiff to complete service of process to Defendants by electronically publishing a link to the Complaint, the expedited discovery order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Eric Li and any e-mail addresses provided for Defendants by third parties. [Dkt. No. 28, ¶ 4]. The Defendants identified in Schedule A were properly served on January 24, 2025. [Dkt. No. 34].

On February 17, 2025, Plaintiff filed a Motion for Entry of Default and Default Judgment pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2). [Dkt. No. 36]. Defendants were provided copies of the Motion for Entry of Default and Default Judgment, Memorandum in Support of Motion for Entry of Default and Default Judgment and Exhibits on the same day. Certificates of Service were attached to the Motion for Entry of Default and Default Judgment as well as the Memorandum in Support of Motion for Entry of Default and Default Judgment, notifying the Court that these pleadings were served by publication and email to the Defendants identified in Schedule A and served on all counsel of record and interested parties via the CM/ECF system on February 17, 2025. [Dkt. No. 36, p. 2; Dkt. No. 37, p. 16].

On March 13, 2025, this Court did not grant Plaintiff's Motion for Entry of Default and Default Judgment. [Dkt. No. 39]. In its reasoning, the Court argued that Article 15 of the Hague Convention notes that Defendants need to be served at least six (6) months prior to default judgment being entered. *Id.* As a result, this Court entered and continued the default motion until July 24, 2025. *Id.*

II.     **LEGAL STANDARD**

Under Rule 59(e), a district court may entertain "[a] motion to alter or amend a judgment." Fed.R.Civ.P. 59(e). Motions for reconsideration pursuant to Rule 59(e) are utilized

for a very limited purpose: to correct manifest errors of law or fact, to present newly discovered evidence, or where there has been an intervening and substantial change in the controlling law since the submission of the issues to the district court. *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir.1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)).

A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins.*, 224 F.3d 601, 606 (7th Cir.2000) (internal quotation marks omitted). The decision to grant a Rule 59(e) motion to reconsider lies in the sound discretion of this Court, and its ruling will only by disturbed upon a showing that the Court abused that discretion. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir.1991).

A court should correct a manifest error of law when a motion to do so is made pursuant to Rule 59(e). *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e)'s strict time limit permits the correction of a mistake at a relatively early, and consequently less expensive, stage in the process of the review of judgments. *W. Indus., Inc. v. Newcor Can. Ltd.*, 709 F.2d 16, 17 (7th Cir.1983). Furthermore, a district court reviews its prior judgments under Rule 59(e) to determine whether "there exists a manifest error of law or fact so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." *Divane*, 194 F.3d at 847.

### III.   ARGUMENT

#### i. The Court Previously Ruled that Service Under FRCP 4(f)(3) Was Sufficient in this Matter

On November 21, 2024, this Court granted Plaintiff's Motions for Electronic Service of Process Pursuant to Fed. R. Civ. P. 4 (f)(3). [Dkt. Nos. 27, 28]. Plaintiff's Motion to Serve the Defendants by Electronic Means was granted on November 21, 2024. [Dkt. Nos. 27, 28].

Plaintiff's Motion specifically argued that Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). [Dkt. No. 12, pp. 3-4] The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

In the present case, the Defendants are residents of China. [Dkt. No. 38, pp. 2-3]. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). See Exhibit A.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id*. United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co*., 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); *In re LDK*

*Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.,* No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same). The Hague Convention also does not preclude service by e-mail. Gaudio Declaration at ¶ 4. *See e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC,* 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.* 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, *Gotech* argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service

5

pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiffs. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) *citing* 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.).

On March 13, 2025, the Court did not grant Plaintiff's Motion for Entry of Default and Default Judgment due to Article 15 of the Hague Convention and entered and continued Plaintiff's Motion for default until six (6) months after defendants had been served. [Dkt. No. 39]. By virtue of the Court granting Plaintiff's Motion for Electronic Service which adopted the arguments raised in the preceding paragraphs, the Court had already ruled that that alternative service under Rule 4(f)(3) was acceptable in this matter and the Hague Convention did not apply in this matter.

A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins*., 224 F.3d 601, 606 (7th Cir.2000) (internal quotation marks omitted). The decision to grant a Rule 59(e) motion to reconsider lies in the sound discretion of this Court, and its ruling will only by disturbed upon a showing that the Court abused that discretion. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir.1996); *Billups v. Methodist Hosp.*, 922 F.2d 1300, 1305 (7th Cir.1991).

In this case, this Court's ruling of March 13, 2025, is inopposite to its ruling for November 21, 2024, where it previously ruled that alternative service under Rule 4(f)(3) was sufficient and the Hague Convention did not apply.

To date, no Defendants have appeared in this matter to contest any of Plaintiff's motions, including its Motion to Serve the Defendants by Electronic Means. This Court's Ruling of March 13, 2025, has prejudiced the Plaintiff by delaying its ability to achieve relief in an uncontested

6

action for an additional six (6) months. As a result, Plaintiff respectfully requests this Court to reconsider its March 13, 2025, Ruling [Dkt. No. 39] requiring Plaintiff to wait six (6) months prior to moving for default judgment against the Defendants identified in Schedule A.

### ii.     Plaintiff Complied with Article 15 of the Hague Convention

Plaintiff has complied with the Hague Convention in seeking default and default judgment against the defendants. Pursuant to the Hague Convention, Plaintiff is required to provide six (6) months notice of a default judgment if service of the documents on Defendants is not certified. Specifically Article 15 of the Hague Convention states:

> Where a writ of summons or an equivalent document had to be transmitted abroad for the purpose of service, under the provisions of the present Convention, and the defendant has not appeared, judgment shall not be given until it is established that -
>
> a) the document was served by a method prescribed by the internal law of the State addressed for the service of documents in domestic actions upon persons who are within its territory, or
>
> b) the document was actually delivered to the defendant or to his residence by another method provided for by this Convention,
>
> and that in either of these cases the service or the delivery was effected in sufficient time to enable the defendant to defend.
>
> . . .
>
> Each Contracting State shall be free to declare that the judge, notwithstanding the provisions of the first paragraph of this Article, may give judgment even if no certificate of service or delivery has been received, if all the following conditions are fulfilled -
>
> a) the document was transmitted by one of the methods provided for in this Convention,
>
> b) a period of time of not less than six months, considered adequate by the judge in the particular case, has elapsed since the date of the transmission of the document,

c) no certificate of any kind has been received, even though every reasonable effort has been made to obtain it through the competent authorities of the State addressed.

Notwithstanding the provisions of the preceding paragraphs the judge may order, in case of urgency, any provisional or protective measures.

Pursuant to the Hague Convention cited above, the six months rule relied upon by the court in entering and continuing Plaintiff's Motion for Entry of Default and Default Judgment [Dkt. No. 39] only applies if no certificate of service or delivery has been received. In the present case, certificates of service were attached at the end of all of Plaintiff's pleadings, including Plaintiff's Motion for Entry of Default and Default Judgment. [Dkt. No. 37, p. 2; Dkt. No. 38, p. 16]. As a result, Plaintiff has complied with the Hague Convention and properly provided notice of its pleadings to the Defendants who are located abroad.

In addition, even if the Court did not previously rule that service was acceptable under Rule 4(f)(3) and the provisions of the Hague Convention did apply, the Summons and Complaint were delivered to the Defendants by a method provided for by the Convention, the service or the delivery was effected in sufficient time to enable the defendant to defend, and certificates of service were attached to all relevant pleadings. As such, the first paragraph of Article 15 of the Hague Convention should govern the Court's ruling regarding the Motion for Entry of Default and Default Judgment presented on March 13, 2025.

As a result, Plaintiff respectfully requests this Court to reconsider its Ruling of March 13, 2025, entering and continuing Plaintiff's Motion for Entry of Default and Default Judgment six (6) months to pursue its relief against the Defendants identified Schedule A.

8

## IV. **CONCLUSION**

Plaintiff requests reconsideration of the March 13, 2025 ruling entering and continuing Plaintiff's Motion for Entry of Default and Default Judgment in view of manifest errors of law or fact.

Respectfully submitted,

Dated: April 10, 2025

By: s/Michael A. Hierl
Michael A. Hierl (Bar No. 3128021)
William B. Kalbac (Bar No. 6301771)
Robert P. McMurray (Bar No. 6324332)
John Wilson (Bar No. 6341294)
Hughes Socol Piers Resnick & Dym, Ltd.
Three First National Plaza
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100 Telephone
mhierl@hsplegal.com
Attorneys for Plaintiff
BESTWAY INFLATABLES & MATERIAL CORP.

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing Motion was filed electronically with the Clerk of the Court and served on all counsel of record and interested parties via the CM/ECF system on April 10, 2025.

s/Michael A. Hierl